THE NATIONAL CONDENSED MILK COMPANY v. BRANDENBURGH AND NOVELLE.

1. A foreign corporation is liable to be sued in this state, on a contract made in this state, when summoned in accordance with our laws.
2. If the contract sued on was made in this state, the court will not, upon a motion to set aside the service of a summons, or to vacate a judgment by default, for want of jurisdiction, inquire whether, in truth, the contract was made by the corporation. Such an inquiry must be reserved for the trial of the cause.
3. A judgment by default will not be set aside because the copy of the

summons served misnamed one of the plaintiffs, when the error did not mislead the defendant.

4. It may be proper ground for letting in a foreign corporation to plead, after judgment by default, because an honest defence was not interposed through the advice of foreign counsel, *bona fide* followed by the corporate officers.

In case.   On motion to open judgment by default.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the motion, *S. B. Ransom.*

*Contra, J. A. Cobb.*

The opinion of the court was delivered by

DIXON, J.   The defendant applies to set aside or open a judgment entered against it by default.

The first reason urged for setting aside the judgment is, that the defendant, being a foreign corporation, is not liable to be sued in this state, and the service of the summons on its president at his residence in Paterson was, therefore, a nullity.

Since the case of *Moulin* v. *Insurance Co.,* 4 *Zab.* 222, and 1 *Dutcher* 57, it must be regarded as the settled law of this court, that if a corporation makes a contract in a state other than that in which it was chartered, it thereby submits itself to the jurisdiction of such foreign sovereignty so far as to be liable to suit therein in regard to that contract, when summoned according to the laws of the state.

The courts of England are also asserting jurisdiction over foreign corporations under similar circumstances.   *Newby* v. *Colt's Patent Fire-arms Co.,* L. R., 7 Q. B. 293.

This principle determines the decision of the question now raised by the defendant.   The contract upon which the action is founded was made in this state, and the defendant was summoned in accordance with the eighty-eighth section of

the corporation act. *Rev., p.* 193. The corporation, indeed, insists that it was not a party to that contract, and therefore denies its liability to suit in our tribunals. But this contention involves directly the whole merits of the cause. If true, it defeats the plaintiff's claim here and everywhere. It is pleadable in bar, and may be given in evidence under the general issue. Hence it would not be properly the subject of a plea to the jurisdiction. *King* v. *Johnson*, 6 *East* 583.

For the same reasons, it cannot be open for final decision in the motion now pending. In the present investigation, we must regard the plaintiff's cause of action to be such as they allege it to be, else we shall be trying the merits of the controversy for the purpose of determining whether we have power to try them.

The second ground upon which the judgment is impeached is, that in the copy of summons served on the defendant's president, one of the plaintiffs was named Vandenburgh instead of Brandenburgh. The original and all the other papers are correct. This error did not at all mislead the defendant's officers, for the president says that he recognized the plaintiffs by the other name, Novelle, and supposed that the name Vandenburgh was a mistake. For such a misprision of a sheriff's clerk, courts would not, since the statute of jeofails, disturb a judgment, otherwise regular, though entered by default. *Oakley, qui tam,* v. *Giles*, 3 *East* 167. Much less would we, since our more liberal statute of amendments. *Practice Act, Rev., p.* 869, § 138.

We think, therefore, that the judgment is neither void nor irregular.

The defendant further seeks to be permitted to plead, on the ground that it has a real defence, which it was prevented from interposing by the misunderstanding of its president.

The evidence taken under the rule to show cause, discloses that there is a real question whether the contract sued on was made with the defendant, or with the individual who, at the time, happened to be also its manager; a question of fact,

which should be submitted to a jury, unless the defendant is chargeable with having waived its rights. It appears that when the president received the copy of summons served on him, he consulted counsel in New York as to what course he should take, and was advised that the courts of this state had no jurisdiction over the company, and therefore he need give the matter no further concern. Such advice was, perhaps, not the best that could have been given, but we think that because the corporate officers *bona fide* followed it, we ought not to visit on the corporation the penalty of remaining condemned without a hearing, when we can afford it a trial at no other prejudice to the plaintiffs than a short delay.

The defendant should pay to the plaintiffs the costs of the judgment and execution already obtained, and of contesting this rule to show cause, and thereupon should be permitted to plead; the judgment and execution, with perfected levy, standing as security for such sum as the plaintiffs may finally recover in the suit.